## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GEORGE PAUL BARTON,<br>    Appellant, | DOCKET NUMBER<br>NY-0752-16-0198-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE: September 21, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>George Paul Barton</u>, Buffalo, New York, pro se.

<u>Jeffrey L. Whiting</u>, Esquire, Buffalo, New York, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant, a preference eligible, received an excepted-service appointment to the position of Medical Support Assistant, GS-5, effective August 9, 2015, subject to completion of a 1-year trial period.  Initial Appeal File (IAF), Tab 10 at 8, 13.  Prior to the completion of his trial period, however, the agency terminated him effective March 11, 2016, due to unacceptable conduct. *Id*. at 17.  The appellant timely appealed the termination to the Board and requested a hearing.  IAF, Tab 1 at 1-2.  In an acknowledgment order, the administrative judge provided the appellant with jurisdictional notice of the requirements for establishing that he was an "employee" with Board appeal rights under 5 U.S.C. chapter 75 and afforded him an opportunity to respond.[2]  IAF,

---

[2] Although the appellant was a preference eligible appointed to the excepted service, the acknowledgment order provided the jurisdictional notice applicable to individuals in the competitive service.  IAF, Tab 2 at 2-5.  The initial decision cured the defective notice, however, by correctly informing the appellant of what he must do to establish jurisdiction as a preference-eligible "employee" in the excepted service and affording him an opportunity to establish jurisdiction on review.  IAF, Tab 12, Initial Decision at 2-4; *Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007).

Tab 2 at 2‑5.  In response, the appellant asserted that he was confused about why he was terminated and, further, that he had not been allowed to have any union representation.  IAF, Tab 3 at 4.

¶3        In an initial decision based on the written record, the administrative judge found that the appellant failed to nonfrivolously allege that he was an "employee" with appeal rights to the Board under 5 U.S.C. § 7511(a)(1)(B) and dismissed the appeal for lack of jurisdiction.  IAF, Tab 12, Initial Decision (ID).  The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition.  Petition for Review (PFR) File, Tabs 1, 3.  On review, the appellant asserts only that he is confused about what he did wrong and that he was told to file an appeal to get his job back.  PFR File, Tab 1 at 5.

¶4        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge his removal from the Federal service by filing an appeal with the Board.  *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011); *see* 5 U.S.C. §§ 7512(1), 7513(d).  The definition of "employee" includes "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions" in an Executive agency.  5 U.S.C. § 7511(a)(1)(B)(i).

¶5        Here, the appellant, a preference eligible, served in his excepted-service appointment for less than 1 year—from August 9, 2015, to March 11, 2016—and he has not shown or alleged that he has prior service that could be tacked onto his current service.[3]  IAF, Tab 10 at 8, 10-11, 17, 41.  Thus, as the administrative

---

[3] In the initial decision, the administrative judge cited the incorrect dates of the appellant's appointment and termination.  *Compare* ID at 2, *with* IAF, Tab 10 at 8, 17.  This error, however, did not affect the outcome of the case and provides no basis for

judge correctly determined, the appellant does not meet the statutory definition of an "employee" with appeal rights to the Board. ID at 4. Because the appellant is not an "employee" under 5 U.S.C. § 7511(a)(1)(B), we agree with the administrative judge's finding that the Board lacks jurisdiction over this appeal. *See Allen v. Department of the Navy*, 102 M.S.P.R. 302, ¶ 9 (2006). The appellant's contentions on review provide no basis to disturb this finding.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

---

reversal of the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.